**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANTHONY BETANCES,<br><br>          Plaintiff<br><br>v.<br><br>REGENCY MANAGEMENT SERVICES, LLC, TIMOTHY BRADLEY III, and JOHN RICHARDSON,<br><br>          Defendants. | Civil Action No. 1:25-cv-13821 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), and 1446, Defendants Regency Management Services, LLC ("Regency"), Timothy Bradley III ("Bradley"), and John Richardson ("Richardson") (collectively, the "Defendants"), submit this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts, from the Superior Court of Massachusetts, County of Middlesex, where the action is now pending. As grounds for removal, Defendants state as follows:

**I.   Timeliness of Removal**

1.      On or about October 24, 2025, Plaintiff Anthony Betances filed a civil action in the Superior Court of Massachusetts, County of Middlesex, entitled *Anthony Betances v. Regency Management Services, LLC, et al.*, Civil Action No. 2581-cv-02665 (the "State Court Action").

2.      On November 14, 2025, counsel for Defendants received and accepted service of the following documents filed or issued in the State Court Action: (1) Complaint and Jury Demand

(the "Complaint"); and (2) a Summons directed to each Defendant. Copies of the Complaint and the three Summonses are attached at Exhibits 1 and 2, respectively.[1]

3.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within thirty (30) days after service of process on Defendants.

## II.  Venue

4.      The Superior Court of Massachusetts, County of Middlesex, is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because it is the district "embracing the place where the action is pending." 28 U.S.C. § 1441(a).

## III. Basis for Removal: Diversity Jurisdiction

5.      The Court has jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332. A party may remove a pending state court action to federal court where (a) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, (b) no plaintiff is a citizen of the same state as any defendant, and (c) none of the parties properly joined and served as defendants is a citizen of the forum state. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).

6.      Here, Plaintiff alleges in his Complaint that he resides in New York. *See* Complaint (Exhibit 1) at ¶ 1.

---

[1] The Complaint and Summonses, along with the Civil Action Cover Sheet (copy attached hereto at Exhibit 3), Civil Tracking Order for F Track (copy attached hereto at Exhibit 4), and Clerk's Notice of Endorsement on Motion for Extension of Time to Respond to Plaintiff's Complaint (copy attached hereto at Exhibit 5) constitute all process, pleadings, and orders received by Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a). Defendants have filed the following documents in the State Court Action: Notice of Appearance of Molly K. Rochford (copy attached hereto at Exhibit 6); Corporate Disclosure Statement of Defendant Regency (copy attached hereto at Exhibit 7); and Defendants' Assented-To Motion for Extension of Time to Respond to Plaintiff's Complaint (copy attached hereto at Exhibit 8).

7.    Defendants, by contrast, are not citizens of New York, or of the forum state (i.e., Massachusetts). Regency, as a limited liability company, is considered (for diversity purposes) to be a citizen of every state in which its members are citizens. *See, e.g., Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006). Regency is a limited liability company ("LLC") organized under Maryland law with its principal place of business in Maryland. The sole member of the LLC, Abdul Ayyad, is a citizen of Maryland. *See* Declaration of Abdul Ayyad ("Ayyad Aff.") at ¶¶ 2-5.

8.    Neither Bradley nor Richardson are citizens of New York, or of Massachusetts. *See* Complaint at ¶¶ 3, 4 (alleging that Bradley is a citizen of New Hampshire and that Richardson is a citizen of Rhode Island); *see also* Declaration of Timothy Bradley III ("Bradley Dec.") at ¶ 3; Declaration of John Richardson ("Richardson Dec.") at ¶ 3.

9.    Accordingly, for purposes of 28 U.S.C. § 1332, the parties are diverse; Plaintiff is a citizen of New York, and none of the Defendants is a citizen of New York or of Massachusetts.

10.    Further, in the State Court Action, Plaintiff has alleged that the amount in controversy far exceeds the sum or value of $75,000. In his Civil Action Cover Sheet filed with the Middlesex Superior Court, Plaintiff alleges that he is claiming damages in the amount of $50,000,000. *See* Civil Action Cover Sheet (Exhibit 3) at 1; *see also McCormick v. Lischynsky*, Civil Action No. 19-10433-FDS, 2019 WL 3429242, at *2 (D. Mass. July 19, 2019) (relying on the amount of damages claimed on plaintiff's civil cover sheet in determining the amount of controversy for purposes of diversity jurisdiction).[2] Accordingly, this matter satisfies the amount in controversy requirement for removal pursuant to 28 U.S.C. § 1332(a).

---

[2] Plaintiff is also seeking to recover his attorneys' fees under the Massachusetts Wage Act. *See* Complaint (Exhibit 1) at ¶ 188. As the court in *Mitchell v. Select Comfort Retail Corp.* recognized, when the plaintiff is seeking recover of attorneys' fees under the Wage Act, the court may consider Plaintiff's potential

**IV. Alternative Basis for Removal: Federal Question Jurisdiction and Supplemental Jurisdiction**

11.     The Court also has jurisdiction over this action based on federal question jurisdiction. A party may remove a pending state court action to federal court where the civil action includes a claim arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

12.     Plaintiff alleges that Regency violated the Family and Medical Leave Act, 29 U.S.C. § 2615; Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*; and 42 U.S.C. § 1981, *et seq.*; and that all Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq. See* Complaint, Counts II, IV, VI, VII, VIII, and IX. Accordingly, for purposes of 28 U.S.C. § 1331, the action arises under the laws of the United States.

13.     In the other five (5) Counts of his Complaint (i.e., Counts I, III, V, X, and XI), Plaintiff asserts claims against Regency (Counts I, III, and V) and against all Defendants (Counts X and XI) under Massachusetts law. The Court has supplemental jurisdiction over those state-law claims because they are part of the same case or controversy as the removable federal claims in Counts II, IV, VI, VII, VIII, and IX. *See* 28 U.S.C. § 1367; *see also Saintcome v. Tully*, 296 F. Supp. 3d 377, 382 (D. Mass. 2017). State and federal claims are part of the same case or controversy when they arise out of a common nucleus of operative facts and would ordinarily be expected to be tried together in one judicial proceeding. *See, e.g.*, *Roche v. John Hancock Mutual Life Ins. Co.*, 81 F.3d 249, 256 (1st Cir. 1996). Here, the state-law claims that Plaintiff has alleged in Counts I, III, V, X, and XI are part of the same case or controversy as his federal claims in Counts II, IV, VI, VII, VIII, and IX. Notably, all of those claims arise out of Plaintiff's employment

---

attorneys' fees "as part of the amount-in-controversy calculation." Case No. 20-cv-10110-DJC, 2020 WL 4049895, at *3 (D. Mass. July 20, 2020).

with Regency, and allege either that Regency discriminated or retaliated against him as an employee on grounds proscribed by law, or that Defendants failed to pay him wages allegedly owed to him as an employee of Regency. *See* Complaint at ¶¶ 11-194.

## V.  Miscellaneous Procedural Items

14.     To date, Defendants have not filed responsive motions or pleadings in the State Court Action, and (aside from Defendants' filing of their Assented-to Motion for Extension of Time to Respond to Plaintiff's Complaint (see Exhibit 8), which the State Court allowed on November 24, 2025 (see Exhibit 5)), no other proceedings have transpired in the State Court Action.

15.     As required by 28 U.S.C. § 1446(d), counsel for Defendants will serve written notice of this Notice of Removal on counsel for Plaintiff and will file a copy of it with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

16.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in the State Court Action are attached to this Notice of Removal. *See* Exhibits 1-8.

17.     In accordance with Local Rule 81.1, Defendants will file with the Court attested copies of all records, proceedings, and docket entries in the state court within 28 days of the date of this Notice.

18.     By removing this matter, Defendants do not waive or intend to waive any defense to the claims asserted in the Complaint.

WHEREFORE, Defendants respectfully request that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of

Massachusetts, County of Middlesex, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

**REGENCY MANAGEMENT SERVICES, LLC, TIMOTHY BRADLEY III, and JOHN RICHARDSON**

By its attorneys,

*/s/ Molly K. Rochford*
Patrick M. Curran, Jr. (BBO# 659322)
Molly K. Rochford (BBO# 716334)
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: 617-994-5700
Facsimile: 617-994-5701
patrick.curran@ogletree.com
molly.rochford@ogletree.com

Dated:  December 12, 2025

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 12, 2025, I served the within document by emailing and mailing, postage prepaid, a copy of the same as follows to counsel for Plaintiff:

Benjamin J. Wyatt, Esq.
Michael Varraso, Esq.
THE LAW OFFICES OF WYATT
& ASSOCIATES, P.L.L.C.
17 Elm Street, Suite C211
Keene, NH 03431
bwyatt@wyattlegalservices.com
mvarraso@wyattlegalservices.com


*/s/ Molly K. Rochford*
Molly K. Rochford

94373468.v1-OGLETREE